IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD DAVIS,

    Plaintiff,

v.                            Case No. 10-3078-SAC

CORRECT CARE SOLUTIONS and
M. ABEL,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff, an inmate at Larned Correctional Mental Health Facility (LCF), filed this 42 USC § 1983 case against defendants alleging violations of the Eighth and Fourteenth Amendments arising from Plaintiff's medical care and treatment. Defendants have answered and a Martinez report has been filed. The court reviews the pleadings in the exercise of its continuing duty to dismiss the complaint or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**I. Failure to Exhaust Administrative Remedies**

Defendants allege that Plaintiff has failed to exhaust his available administrative remedies. Dk. 33, p. 2.[1] The Martinez report shows that plaintiff has filed no grievances regarding any issue or act raised in this case. *See* Dk. 31, Exh. 2 (Affidavit by Teri Werner, whose duties include tracking grievances, stating that she examined the records for grievances submitted by this Plaintiff and found none.) But in response to a question on Plaintiff's complaint form asking if plaintiff had sought administrative relief, Plaintiff marked "yes." Plaintiff added, however, "CCS medical staff has told me that I can not(sic) grieve or protest any medical decisions handed down by CCS medical staff or facility medical dept." Dk. 1, p. 5. The Court thus liberally construes the Plaintiff's petition to assert that Plaintiff's failure to file a grievance regarding his medical treatment should be excused.

Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* That section provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.,* 331

---

[1] Failure to exhaust generally is an affirmative defense and a plaintiff is not required to plead it in the complaint, but when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted. *See Aquilar–Avellaveda v.. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007).

F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied,* 540 U.S. 1118 (2004); *Little v. Jones,* 607 F.3d 1245, 1249 (10th Cir. 2010). The inmate may exhaust only by properly following all the steps laid out in the prison system's grievance procedures. *Little,* 607 F.3d at 1249 (citing *Woodford v. Ngo,* 548 U.S. 81, 90 (2006).

The Court is not persuaded that Plaintiff's conclusory reason for not grieving his medical treatment is legally sufficient to excuse that failure. The BOP's grievance procedures are written, accessible to inmates, broad in scope, and do not exempt issues relating to medical care or treatment. *See e.g., Sparks v. Rittenhouse*, 314 Fed.Appx. 104 (10th Cir. 2008) (finding exhaustion necessary of prisoner's claim that nurse failed to provide him with medication). Therefore, the Court does not find it reasonable for Plaintiff to have relied on any conflicting verbal advice given to him by some unnamed person at some unstated time. Further, the alleged statement by CCS medical staff did not preclude Plaintiff from filing a grievance, and appears instead to be a mere opinion that prisoners routinely lose when they challenge a medical professional's medical judgment.

Accordingly, the court finds that plaintiff's § 1983 complaint is subject to dismissal without prejudice pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1), based on plaintiff's failure to exhaust available administrative remedies prior to filing this action. Plaintiff shall be given time to show good cause why this action should not be

dismissed for failure to exhaust. If Plaintiff asserts that prison officials actually hindered his efforts to avail himself of an administrative remedy, he must state with particularity the evidence that, if credited, could excuse his failure to exhaust his administrative remedies. *Cf. Little,* 607 F.3d at 1250. If Plaintiff does not show good cause within the time allotted, this action may be dismissed without further notice.

## II. Correct Care Solutions as Defendant

Plaintiff alleges that Defendant Correct Care Solutions (CCS) contracts with the Kansas Department of Corrections to provide medical care to all inmates housed at LCF. Dk. 1, p. 2. Plaintiff alleges that CCS has refused to purchase medication to treat his diabetic condition. *Id.*, p. 3. Plaintiff also alleges that "CCS medical staff" refused to give him proper medical treatment for his diabetes, denied him medications to control it, and told him that he would not be treated unless he went into diabetic shock. Dk. 1, pp. 1-3.

### A. No Respondeat Superior

CCS cannot be held vicariously liable for the acts of its employees. So to the extent that plaintiff brings his claims against CCS based upon the actions of Defendant Abel (CCS's Director or Nursing) or any other employee, the claims fail. In *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), the Supreme Court held that a municipality cannot be held liable under § 1983 merely on account of the unauthorized acts of its agents. *Id.*

at 691–94 (rejecting § 1983 claim based on respondeat superior theory). Courts have extended that holding to § 1983 claims against private defendants. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (and cases cited therein). Therefore, a corporate defendant such as CCS cannot be held vicariously liable under Section 1983 for the acts of its employees. *See Baker v. Simmons,* 65 Fed. Appx. 231, 234 (10th Cir. May 6, 2003) (unpublished) (citing *DeVargas v. Mason & Hangar–Silas Mason Co.*, 844 F.2d 714, 722 (10th Cir. 1988)); *Smedley v. Corrs. Corp. of Am.*, 175 Fed.Appx. 943, 946 (10th Cir. 2005).

### B. No Policy or Custom

A private corporation performing a government function is liable under § 1983 only where a plaintiff shows: 1) the existence of a policy or custom, and 2) a direct causal link between the policy or custom and the injury alleged. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *Smedley,* 175 Fed. App'x at 946 (applying § 1983 standards for municipal liability to a corporation performing a government function). A policy is a formal statement by the private corporation. *See Gates v. Unified School Dist. No. 449 of Leavenworth County, Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993). A custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation. *Id.*

Plaintiff fails to identify any official policy or custom that allegedly violated his constitutional rights. Neither plaintiff's allegations nor defendants' answer nor any of the evidence submitted in the Martinez report suggests that CCS had any policy or custom that caused plaintiff's alleged injuries. Instead, Plaintiff's primary complaint is that other diabetics were routinely treated with insulin and he was not. Plaintiff's assertion that his medical treatment was different from that of other diabetics cuts against a finding that Plaintiff's treatment was pursuant to CCS's policy or custom. Without an injurious policy or custom, defendant CCS cannot be held liable under § 1983. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 480–85 (1986). Because plaintiff has not alleged sufficient facts to establish liability on the part of CCS, this action is subject to dismissal as against CCS.

### III. Defendant Abel

Plaintiff also brings claims individually against M. Abel, the Director of Nursing for CCS, alleging that she is responsible for the medical care of all inmates housed at Larned Correctional Facility. Plaintiff claims that Defendant Abel refused him treatment despite her awareness from his medical records that he is diabetic and that lack of medication causes his feet to swell and causes him extreme pain when he tries to walk. Dk. 1, pp. 1-3.

It is well-settled that a defendant cannot be liable under Section 1983 unless she directly and personally participated in the alleged deprivation of

the plaintiff's constitutional rights. *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir. 1996). To meet this standard, plaintiff must allege more than that defendant was a supervisor. *Rizzo v. Goode,* 423 U.S. 362 (1976); *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). A defendant cannot be held liable for money damages in a civil rights action based solely upon her supervisory capacity under the theory of respondeat superior. *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006).

Plaintiff's allegations against Defendant Abel, which this Court assumes to be true, fail to show Defendant Abel directly or personally participated in the alleged deprivation of the plaintiff's constitutional rights. Rather, Defendant Abel is merely alleged to have access to Plaintiff's records by virtue of her position as the Director of Nurses. Plaintiff does not allege any personal participation by Defendant Abel or that an "affirmative link" exists between her and the constitutional violations he alleges in the Complaint. Plaintiff does not claim that Defendant Abel personally made any decisions, took any action toward, or refused any treatment of Plaintiff. Instead, her alleged liability, if any, is merely in her capacity as a supervisor. Because Plaintiff's conclusory allegations against Defendant Abel are insufficient as a matter of law, his case against her is subject to dismissal.

**IV. Failure to State a Claim**

In addition to naming proper defendants, a complaint, to state a claim for relief, must present factual allegations assumed to be true that "raise a

7

right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008).

Plaintiff's claims are brought under section 1983. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

**A. Eighth Amendment**

Prisoners state a claim of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to

conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate difference has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component is met "if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id.* (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006)). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quotation omitted). The Court assumes, without deciding, that Plaintiff's diabetes is sufficiently serious to meet the objective component of this test.

The subjective component is met if the plaintiff demonstrates that a defendant "knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. This component requires an "inquiry into a prison official's state of mind." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)).

Plaintiff fails to allege that either Defendant acted with a sufficiently culpable state of mind to satisfy the subjective prong of the deliberate

indifference standard. Plaintiff does not allege that the defendants ignored his medical needs, but alleges that they refused to treat him with medications as he desired. The record shows Plaintiff received continuous medical care and treatment for his diabetes. Instead of disregarding his diabetes, Defendants tried to help Plaintiff manage his condition by a regimen of exercise and diet.

Although plaintiff may disagree with the decisions made by Defendants in treating him, it is well-settled that an issue of medical judgment is "precisely the sort of issue that cannot form the basis of a deliberate indifference claim." *Hernandez v. Keane*, 341 F.3d 137, 147 (2d Cir. 2003). At most, Plaintiff alleges that Defendants were negligent, but negligence is not actionable under the Eighth Amendment. *Estelle,* 429 U.S. at 106. Because Plaintiff has not alleged facts which could state a claim for deliberate indifference, his Eighth Amendment claims are subject to dismissal. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) ("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."); *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993).

**B. Fourteenth Amendment Claim**

Plaintiff separately contends that defendants are treating other inmates who have the same diabetic condition yet refuse to give him "needed medications/treatment," and that the KDOC contract states that all

inmates are to receive medical treatment. Dk. 1, p. 4. Read in light of his entire Petition, Plaintiff contends that because other diabetic inmates routinely get insulin and he does not, his constitutional right to equal protection of the laws is violated.

The Equal Protection Clause of the Fourteenth Amendment provides that no State may deny any person within its jurisdiction the equal protection of the laws. To prevail on an equal protection claim, a plaintiff must show that the government has treated him differently than it treats others who are similarly situated. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Because Plaintiff does not claim that this treatment resulted from a suspect classification, his treatment complies with the equal protection of the laws so long as it is rationally related to a legitimate government interest. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994); *Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995). The Tenth Circuit recognizes a presumption of government rationality, thus a plaintiff pursuing an equal protection claim in such cases must allege facts sufficient to overcome that presumption. *Id.*, at 971; *Lowry v. Honeycutt*, 211 Fed.Appx. 709 (10th Cir. 2007).

Plaintiff has failed to allege facts that could suffice to "overcome a presumption of government rationality." *Brown,* 63 F.3d at 971. Even pro se litigants must do more than make mere conclusory statements regarding constitutional claims. *See United States v. Fisher,* 38 F.3d 1144, 1147 (10th

Cir. 1994). But Plaintiff alleges no facts tending to show that the distinction between his medical treatment and that of other diabetic prisoners lacks a rational basis. Nor has Plaintiff alleged that he is similarly situated to other prisoners who routinely receive medication for their diabetic conditions. Some prisoners receiving insulin may have a different type of diabetes. And a multitude of other factors (general health, age, or weight, for example) may distinguish their conditions from Plaintiff's.

Thus, even assuming the truth of Plaintiff's allegations, the Court finds his conclusory allegations simply do not state a cause of action for which relief can be granted under an equal protection theory. *See Brown*, 63 F.3d at 972 (finding allegation that some prisoners are given hormones and others are not to be a conclusory allegation that did not state a cause of action for which relief can be granted under an equal protection theory). Plaintiff's Eighth and Fourteenth Amendment claims are thus subject to dismissal because they fail to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that on or before May 7, 2013, plaintiff is required to show cause in writing why this action should not be dismissed for all of the reasons stated above.

Dated this 2nd day of April, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge